**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-5112**

_____

UNITED STATES OF AMERICA,

                  Plaintiff - Appellee,

      v.

DEQUANDA JUMILL SAMUELS,

                  Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas David Schroeder, District Judge. (1:08-cr-00087-TDS-1)

_____

Submitted: August 16, 2011      Decided: September 1, 2011

_____

Before DAVIS, KEENAN, and DIAZ, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Matthew M. Robinson, ROBINSON & BRANDT, P.S.C., Covington, Kentucky, for Appellant. Ripley Rand, United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In March 2009, Dequanda Jumill Samuels pled guilty to possession with intent to distribute cocaine base ("crack"), in violation of 21 U.S.C. § 841(a)(1) (2006). The district court sentenced Samuels in October 2010 to 250 months' imprisonment.

Despite the waiver of the right to appeal included in her plea agreement, Samuels seeks to appeal her sentence, arguing that the district court erred in failing to apply the Fair Sentencing Act ("FSA"). The Government contends that Samuels' appeal should be dismissed because it is barred by the appeal waiver. Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Samuels knowingly and voluntarily waived her right to appeal and that the issue Samuels seeks to raise on appeal falls squarely within the compass of her waiver of appellate rights.[*]

Accordingly, we dismiss Samuels' appeal. We dispense with oral argument because the facts and legal contentions are

---

[*] Samuels attempts to escape the appeal waiver by claiming that her sentence under pre-FSA law is unconstitutionally based on race. We have rejected arguments that the sentencing disparity between powder cocaine and crack offenses violates either equal protection or due process. See United States v. Perkins, 108 F.3d 512, 518-19 & n.34 (4th Cir. 1997) (citing cases); United States v. Burgos, 94 F.3d 849, 876-77 (4th Cir. 1996) (en banc); United States v. Fisher, 58 F.3d 96, 99-100 (4th Cir. 1995) (collecting cases).

2

adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED